In the Matter of the Chapter XI Bankruptcy Arrangement Proceedings of Lee Bros. Value World, Inc., a California corporation, Debtor No. 104507–SC.

Jack J. FISHER and Thomas E. Burke, Appellants,

v.

LEE BROS. VALUE WORLD, INC., a California corporation, Appellee.

No. 71-2665.

United States Court of Appeals, Ninth Circuit.

Oct. 25, 1973.

Alexander R. Imlay (argued), John J. Mullane, Jr., Kerner, Colangelo & Imlay, San Francisco, Cal., for appellants.

Marshall Cornblum (argued), Thiel, Wallace, Bolton & Cornblum, Oakland, Cal., Anixter & Aronson, Burlingame, Cal., for appellee.

Before CHAMBERS and SNEED, Circuit Judges, and FERGUSON,* District Judge.

OPINION

PER CURIAM:

Value World, Inc., was the corporate subsidiary of Lee Bros., Inc. Both were California corporations. On March 20, 1963, Value World, Inc., as tenant, executed a written lease with Topaz Builders, Inc., as landlord. On the same day, Lee Bros., Inc., executed a written guaranty of the obligations of Value World, Inc., its subsidiary, under the lease. On March 1, 1965, Value World, Inc., was merged into Lee Bros., Inc., and the surviving corporation, Lee Bros. Value World, Inc., is the debtor and appellee in these arrangement proceedings. On August 16, 1967, appellants became the successors in interest to the original landlord, Topaz Builders, Inc.

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

On September 29, 1967, appellee filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. An order authorizing appellee to reject the lease was filed. Appellants then filed two separate proofs of claim, one for breach of the lease and one for breach of the guaranty.

The Referee held that the merger did not extinguish the obligations of either the subsidiary-debtor or parent-guarantor with respect to their obligations under the lease and guaranty. He went on to hold that, notwithstanding the fact that appellants have a provable claim for the breach of the lease and a separate provable claim for the breach of the guaranty, Section 353 of the Bankruptcy Act [1] limits appellants as landlords to a sum not exceeding the rent, without acceleration, reserved by the lease for three years after the date of surrender of the premises. The District Court affirmed.

We agree with the result reached by the Referee, but we have doubt about certain portions of his reasoning. Specifically, we hesitate to accept his conclusion that, even after the merger, claimants had separate provable claims under the lease and the guaranty. The assumption of a debt that the assuming party previously guaranteed should not result in vesting the creditor with two claims. Both initially are *in personam* rights; to admit the continued existence of two claims following the assumption would equip the creditor with an advantage that we doubt his one debt deserves.

We do not at this time, however, find it necessary to decide the case on this basis, for we find sufficient authority in support of his conclusion that Section 353 limits the amount by which the claims of the appellants as landlords are provable and allowable. Hippodrome Bldg. Co. v. Irving Trust Co., 91 F.2d 753 (2nd Cir.), cert. denied, 302 U.S. 748, 58 S.Ct. 265, 82 L.Ed. 578 (1937); In re Schulte Retail Stores Corp., 105 F.2d 986 (2nd Cir. 1939). In addition, Section 353 of the Bankruptcy Act reflects a Congressional desire to limit otherwise disproportionately large claims of landlords. In discussing the policy behind restricting landlord claims, the Second Circuit in Oldden v. Tonto Realty Corp., 143 F.2d 916, 920 (2nd Cir. 1944) indicated:

> "Allowance in full of such claims did not seem the appropriate answer, since other general creditors would suffer proportionately, and the claims themselves would often be disproportionate in amount to any actual damage suffered. . . . In truth, the landlord is not in the same position as other general creditors, and there is no very compelling reason why he should be treated on a par with them. For, after all, he has been compensated up until the date of the bankruptcy petition, he regains his original assets upon bankruptcy, and the unexpired term in no way really benefits the assets of the bankrupt's estate."

We therefore hold that, even should the appellants have two claims, Section 353 limits their allowability to an aggregate amount not exceeding the rent, without acceleration, reserved by such lease for the three years next succeeding the date of the surrender of the premises.

Judgment affirmed.

---

1. 11 U.S.C. § 753 provides, in part:
   "The claim of the landlord for injury resulting from the rejection of an unexpired lease of real estate or for damages or indemnity under the covenant contained in such lease shall be provable, but shall be limited in an amount not to exceed the rent, without acceleration, reserved by such lease for the three years next succeeding the date of the surrender of the premises to the landlord whichever first occurs, whether before or after the filing of the petition, plus unpaid accrued rent, without acceleration up to the date of surrender or reentry. . . . "

CHAMBERS, Circuit Judge (concurring):

I think the foregoing opinion is correct on the facts of this case. But absent the rent feature (future rent being limited by the Bankruptcy Act), I would still come out the same way if there were a merger of a maker and a guarantor of a note.

Elliott Moore, Asst. Gen. Counsel, Peter G. Nash, Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, John S. Irving, Deputy Gen. Counsel, John D. Burgoyne, Atty., N. L. R. B., Washington, D. C., for petitioner.