**In re Earl George RODMAN,**
**III, Debtor.**

**Bankruptcy No. BK–83–1054–A.**

United States Bankruptcy Court,
W.D. Oklahoma.

May 6, 1986.

G. Blaine Schwabe, Esq. of Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, Okl., for Regency Center Office Park.

Todd Markum, of Hampton, Markum, Carter & Graves, Oklahoma City, Okl., for trustee.

### MEMORANDUM DECISION AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

The issues on this motion concern the trustee's objection to the proof of claim of Regency Center Office Park, Ltd.

In early January, 1982 Regency leased office space to George Rodman, Inc. The corporate tenant's performance under the lease was guaranteed by Earl George Rodman, III, debtor in this case. The lease was for a term ending in late 1992 and provided for total rent payments of approximately $5 million.

After the lease had been in effect for less than a year an order for relief was entered for George Rodman, Inc. and the lease was rejected. Regency filed its proof of claim against that estate in the amount of approximately $700,000. That claim recognizes the limitations on accelerated rent contained in 11 U.S.C. § 502(b)(6) (Supp. 1986).

In 1983 an order for relief was entered in this case. Regency filed its proof of claim on debtor's guaranty in the amount of approximately $4.8 million which represents the total amount remaining due under the lease. The trustee's objection contends that Regency's claim also should be limited by 11 U.S.C. § 502(b)(6).

The question presented is thus whether the accelerated rent limitations apply to lease guaranties entered into by debtor-guarantors.

The parties have not referred us to any decisions regarding this issue decided under the 1978 Code.[1]

Regency argues that § 502(b)(6) is inapplicable here for, by its literal language, it does not embrace guarantors within its terms. Regency also argues that its claim should be liquidated under state law which provides that a guarantor is not exonerated by discharge of the principal. *See Riverside National Bank v. Manolakis* 613 P.2d 438 (Okla.1980); Okla.Stat. tit. 15, § 344 (1981).

The trustee, on the other hand, argues that pre-Code decisions are valid authorities for limiting the Regency claim. *Hip-*

---

**1.** While *In re Winston Mills, Inc.,* 6 B.R. 587 (Bankr.S.D.N.Y.1980) deals with similar issues it   is not precisely on the point in issue here.

*podrome Building Co. v. Irving Trust Co.* (*In re Radio-Keith-Orpheum Corp.*), 91 F.2d 753 (2d Cir.1937); *Matter of Unishops, Inc.*, 2 Ct.Dec. (CRR) 1735 (Bankr.S.D. N.Y.1977).

We believe that the trustee's argument leads to the proper result. To allow the full Regency claim would be to consume a substantial part of the property of the estate for its benefit while it may mitigate its damages by letting the property again. "[A]llowance in full of such claims [does] not seem the appropriate answer, since other general creditors would suffer proportionately, and the claims themselves would often be disproportionate in amount to any actual damage suffered, particularly in the event of a subsequent rise in rental values. In truth, the landlord is not in the same position as other general creditors, and there is no very compelling reason why he should be treated on a par with them. For, after all, he has been compensated up until the date of the bankruptcy petition, he regains his original assets upon bankruptcy, and the unexpired term in no way really benefits the assets of the bankrupt's estate." *Oldden v. Tonto Realty Corp.*, 143 F.2d 916, 920 (2d Cir. 1944) (footnote omitted) (citations omitted). These principles of rateable distribution are equally applicable in the case of a debtor-guarantor as they are in the case of a debtor-principal. *See Simonson v. Granquist*, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962); *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). In *Simonson* the Court states as a postulate that a broad aim of the Bankruptcy laws is to provide for "as equitable a distribution of assets as is consistent with the type of claim involved." 369 U.S. at 40, 82 S.Ct. at 539. Considering the type of claim involved here equity, if not the literal language of the statute, requires that the limitations pertinent to rent claims be imposed. The 1978 Bankruptcy Code does not evince any intent that a different result be reached.

Accordingly, it is ordered that Regency's claim be limited to the maximum amount to which it is entitled under 11 U.S.C. § 502(b)(6).