**BEL–KEN ASSOCIATES LIMITED PARTNERSHIP**

v.

**David CLARK, et al.**

**Civ. A. No. N–86–3667.**

United States District Court, D. Maryland.

Feb. 17, 1988.

---

Lawrence S. Greenwald, Thomas D. Renda, and Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., for plaintiff.

Benson Everett Legg, Neal Baroody, and Venable, Baetjer & Howard, Baltimore, Md., for defendants.

## MEMORANDUM

NORTHROP, Senior District Judge.

The plaintiff, Bel–Ken Associates Limited Partnership ("Bel–Ken"), brings this contract claim against defendants David and Walter Clark, the guarantors of a lease between Bel–Ken's predecessor-in-interest and the bankrupt lessee, Baltimore Food Systems, Inc. ("BFS"). Pending before the Court is defendants' Motion for Partial Summary Judgment which seeks to limit the amount of damages for which defendants are liable under the lease.

After careful consideration of the pleadings, this Court finds that no hearing is required. Local Rule 6. For the reasons set forth below, this Court will deny defendants' motion.

The guaranty provision signed by the Clarks provides as follows:

> The undersigned [David Clark and Walter Clark] hereby guarantee to Lessor the prompt and complete performance of all the covenants, conditions and obligations to be performed by Lessee under this Lease.

We start with the basic principle that the Bankruptcy Code in this country was designed to benefit and protect debtors who sought relief under its provisions. One such provision, 11 U.S.C. § 502(b)(6), sets a limitation on a landlord's claim against a bankrupt-lessee's obligation under a lease of real property. This limitation, or cap, comes into play once the bankruptcy trustee rejects the lease under 11 U.S.C. § 365(a).

The defendants argue that this cap, or limitation on liability, ought also limit the liability of third party guarantors of the rejected lease. However, this position contravenes both the express and implied goals of the Bankruptcy Code, thus this Court rejects it.

The Bankruptcy Code specifically states in 11 U.S.C. § 524(e) that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." This section has been cited in a number of cases which hold that a guarantor's liability remains even after the bankrupt principal is released from liability. *Union Carbide v. Newboles*, 686 F.2d 593, 595 (7th Cir.1982), *R.I.D.C. Industrial Development Fund v. Snyder*, 539 F.2d 487, 490 n. 3 (5th Cir. 1976), *United States on Behalf of Small Business Administration v. Kurtz*, 525 F.Supp. 734 (D.C.Pa.1981), *aff'd* 688 F.2d 827 (3rd Cir.1982), *cert. denied*, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982), *In re Harvey Cole Col, Inc.*, 2 B.R. 517 (1980). In one such case, *Beconta, Inc. v. Schneider*, 41 B.R. 878 (1984), a debtor's plan of reorganization limited his obligation to one creditor to 30% of the total debt. The court permitted the creditor to seek the balance of the obligation from the guarantor even though the debtor was discharged from liability for the balance. Similarly, the guarantors in the case at bar are liable for the balance of the rent owed to the landlord, Bel–Ken, despite the fact that BFS is not.

Maryland law on guaranty contracts supports the conclusion that the guarantors of a lease are liable even when the principal debtor is discharged in bankruptcy.

> [A contract of guaranty] is collateral to and independent of the principal contract that is guaranteed and, as a result, the guarantor is not a party to the principal obligation. A guarantor is therefore secondarily liable to the creditor on his contract and his promise to answer for the debt, default, or miscarriage of another becomes absolute upon default of the principal debtor and the satisfaction of the conditions precedent to liability ... As such, the guarantor insures the ability or solvency of the principal.

*General Motors Acceptance v. Daniels,* 303 Md. 254, 260, 492 A.2d 1306 (1985).

Finally, common sense dictates that the guarantor remain fully liable even when the principal debtor seeks relief under the Bankruptcy Code. After all, what good is a guaranteed lease if the guarantor escapes liability when the debtor does? Certainly, a guarantor's liability may be limited to prevent a landlord from recovering "disproportionately large claims," *Fisher v. Lee Brothers Value World, Inc.,* 486 F.2d 1037, 1038 (9th Cir.1973) (debtor merged with guarantor prior to bankruptcy; landlord-creditor attempted to collect damages on breach of contract and breach of guaranty claims). However, the guarantor's liability is not limited merely because the debtor's liability is reduced by the trustee in bankruptcy.

Therefore, this Court will deny defendants' motion for partial summary judgment.