**In re Harold L. THOMPSON,**
**Debtor.**

**Bankruptcy No. 2–89–06878.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

July 3, 1990.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Carla Struble, Arter & Hadden, Columbus, Ohio, for One Columbus.

Frank Pees, Chapter 13 Trustee, Worthington, Ohio.

## ORDER ON OBJECTION TO CONFIRMATION AND DEBTOR'S OBJECTION TO CLAIM OF ONE COLUMBUS

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This cause came on for hearing on April 19, 1990, to consider confirmation of the Debtor's Chapter 13 Plan, and the Objection to confirmation by One Columbus Building Associates, Ltd. ("One Columbus"). Also, under consideration is the Debtor's Objection to the claim of One Columbus and the Response thereto. The facts germane to this matter can be summarized as follows:

The Debtor, Harold Lee Thompson, filed a Chapter 13 petition on December 5, 1989. The Debtor is a practicing attorney and previously practiced under a legal professional corporation known as H. Lee Thompson & Co. L.P.A. ("L.P.A."). On or about May 12, 1988, the L.P.A. and One Columbus Building Associates, Ltd. ("One Columbus") entered into a written lease for a period of five years and six months. The L.P.A. leased space from One Columbus to be used as offices for a law practice. One Columbus was paid a security deposit of $2,229.95; however, the L.P.A. never took possession of the premises. When the L.P.A. defaulted on lease payments, One Columbus filed suit for damages against the L.P.A. in April, 1989. On October 6, 1989, an Order for Default Judgment was entered in favor of One Columbus. Subsequently, the Debtor filed for relief under Chapter 13 of the U.S. Bankruptcy Code on December 5, 1989. On January 3, 1990, a Judgment Entry assessing damages in the amount of $113,357.33 was entered against the L.P.A.

An objection to the confirmation of the debtor's Amended Chapter 13 Plan was filed by One Columbus. One Columbus contends that the Debtor is the statutory guarantor of the L.P.A.'s debts, and as such, is liable for all rent due under the lease agreement between One Columbus and the L.P.A. Therefore, One Columbus maintains that its claim against the Debtor in the amount of $113,357.33, together with the Debtor's other unsecured debt of $79,751.00 causes the Debtor's total unsecured debt to exceed $100,000.00, thereby rendering the Debtor ineligible for Chapter 13 pursuant to 11 U.S.C. § 109(e).

The Debtor appears to concede that he is responsible for the damages arising from the breach of the lease agreement between One Columbus and the L.P.A. In any case, the Debtor asserts that pursuant to 11 U.S.C. § 502(b)(6), his liability for rent due One Columbus is limited to the equivalent of one year of rent. Therefore, because of this limitation on One Columbus' claim, the Debtor contends that the total amount of unsecured debt will not exceed the $100,000 limitation.

In analyzing the instant case, two pertinent issues must be addressed. Acknowledging that the Debtor is responsible for the debt of the L.P.A., the Court must determine the extent of the Debtor's liability in light of 11 U.S.C. § 502(b)(6). Second, the actual dollar amount of the liability of One Columbus must be assessed in order to determine if the addition of One Columbus' claim will cause the Debtor's unsecured

debt to exceed $100,000 and render him ineligible for relief under Chapter 13.

■ Rule III, Section IV of the Supreme Court Rules for the Government of the Bar of Ohio provides that an individual, as a shareholder of a legal professional association, guarantees the financial responsibility of the association for its breach of any duty. Whether an attorney-shareholder of a legal professional association can be held personally liable for damages arising from a breach of a lease agreement made by the association, was addressed in *South High Development Corp. v. Weiner, Lippe & Cromley Company*, 4 Ohio St.3d 1, 445 N.E.2d 1106 (1983). The court in *South High* held that a breach of a lease agreement constitutes a breach of duty within the meaning of the Rules for the Government of the Bar, and therefore, an attorney-shareholder is liable for damages resulting from that breach. Under the *South High* decision and the Rules for the Government of the Bar, the Debtor is clearly financially responsible for the debt of the L.P.A. arising from its breach of a commercial lease with One Columbus. This brings the Court to the issue of the extent of the Debtor's liability.

■ In determining the extent of the Debtor's liability, Section 502(b)(6) of the Bankruptcy Code governs. 11 U.S.C. § 502(b)(6) provides that if an objection to a claim is made,

(b) ... the court ... shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim, except to the extent that—

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease without acceleration, on the earlier of such dates.

One Columbus asserts that the previous state court judgment against the L.P.A. is nonreviewable by this Court, citing *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946). In *Heiser,* the Supreme Court held that where a proof of claim is based on a prior judgment, the prior judgment may be challenged in bankruptcy court on one of two grounds: (1) want of jurisdiction of the court rendering the previous judgment, and (2) procurement of the judgment by fraud. Therefore, One Columbus contends that the state court judgment entered against the L.P.A. cannot be challenged in this Court because it was not procured by fraud nor was there want of jurisdiction. However, *Heiser* is inapposite and One Columbus' reliance is misplaced. Section 502(b)(6) expressly states that a bankruptcy court shall limit the amount of a claim, if such claim is that of a lessor seeking damages for termination of a lease.

Additionally, One Columbus maintains that the equities of the present case do not require the application of § 502(b)(6) to their claim, citing *In re Danrik Ltd.,* 92 B.R. 964 (Bankr.N.D.Ga.1988) as support. In *Danrik,* the court held that because of the unusual facts of that case, § 502(b)(6) could not fairly be applied to limit a claim against a debtor who guaranteed a lease. This ruling, however, does not comport with a literal reading of § 502(b)(6), nor can it be reconciled with prior case law interpreting this section and its predecessor.

Section 502(b)(6) was designed to compensate a landlord for his loss due to breach of a lease, yet preclude a claim so large as to prevent other general unsecured creditors from recovering a reasonable dividend from the estate. *Oldden v. Tonto Realty Co.,* 143 F.2d 916 (2d Cir. 1944). If a landlord-creditor was permitted to recover its full claim against the debtor then a substantial part of the property of

the estate may be depleted by the landlord. Allowance in full of a landlord's claim is not appropriate because all other creditors who suffered a proportionate loss would have claims that were disproportionate in amount to any actual damage suffered. Thus, even prior to the enactment of § 502(b)(6) of the Bankruptcy Code, cases of a similar nature to the instant case were governed by sections of the Bankruptcy Act which enunciated essentially the same limitation on landlords as does § 502(b)(6). Additionally, even though § 502(b)(6) by its literal language does not expressly limit claims of a landlord against a lease guarantor, case law clearly indicates that § 502(b)(6) is equally applicable in a guarantor's bankruptcy case. *Hippodrome Building Co. v. Irving Trust Co.*, 91 F.2d 753 (2nd Cir.1937).

The recent case of *In re Rodman*, 60 B.R. 334 (Bankr.W.D.Okl.1986) illustrates an application of § 502(b)(6) that is in line with the intent and purpose of this section. Like the present case, the *Rodman* court was faced with the issue of whether rent limitations pursuant to § 502(b)(6) apply to lease guaranties given by debtor-guarantors. The court held that permitting a landlord to consume a substantial part of the property of the estate for his benefit is unfair in light of the fact that the landlord has the opportunity to mitigate his damages by letting the property again. Not only has the landlord been compensated up until the date of the bankruptcy petition, but also he re-acquires his original assets upon bankruptcy.

Thus, in accordance with § 502(b)(6), the claim of One Columbus against the Debtor is limited to either the rent reserved in the lease for one year, or 15 percent of the entire lease, not to exceed three years, whichever is greater. Therefore, the actual dollar amount of the Debtor's liability must be determined.

While § 502(b)(6) limits the amount of a landlord's claim against a lessee, it does not provide a formula for ascertaining allowable damages. Ultimately, the amount of the claim is to be determined by the Court in accordance with state law and the contract between the parties. However, in this particular case, the Court does not have sufficient evidence to render a decision.[1]

First, the lease between the parties was not submitted into evidence; therefore, the Court cannot determine the existence of provisions regarding damages which may be binding on the parties. If the lease has a damage or indemnity covenant which takes effect upon termination or breach of the lease, the lessor's damages are calculated in accordance with those provisions. *In re Goldblatt Bros., Inc.*, 66 B.R. 337 (Bankr.N.D.Ill.1986). Additionally, the Court has no evidence as to the date of repossession of the leased property by One Columbus, or the surrender of the premises by the L.P.A. See, § 502(b)(6)(A)(ii). Hence, an accurate calculation of damages cannot be made. Furthermore, whether the L.P.A. is in arrears with any lease payments due before repossession or surrender of the premises must be determined by the Court, as One Columbus may be entitled to claim that amount. See, § 502(b)(6)(B).

Accordingly, the Court will set a hearing to provide the parties an opportunity to present evidence and/or argument of counsel as to the terms of the lease agreement, and other relevant facts.

IT IS SO ORDERED.

---

1. The Debtor submitted an Affidavit in connection with the amount of damages. However, the Affidavit is by a principle of One Columbus and was used by One Columbus in its state court proceedings. One Columbus agreed to allow the Affidavit to be admitted into evidence, but declined to stipulate that it accurately calculates damages for purposes of this bankruptcy case. An affidavit is normally not competent evidence; therefore the Affidavit is insufficient for calculation of the allowable claim.