In re Perry ARDEN, Debtor.

Perry Arden, Appellant–Cross–Appellee,

v.

Motel Partners, Appellee–
Cross–Appellant.

Nos. 97–55968, 97–55997.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 1999.

Filed June 1, 1999.

Eric V. Benham, San Diego, California, and Sarkis Kaloustian, Kaloustian & Associates, La Jolla, California, for the appellant-cross-appellee.

Dennis J. Wickam and Neal P. Panish, Seltzer Caplan Wilkins & McMahon, San Diego, California, for the appellee-cross-appellant.

Before: BRUNETTI, MAGILL,* and McKEOWN, Circuit Judges.

McKEOWN, Circuit Judge:

This case stems from a bankruptcy claim dispute between debtor/guarantor Perry Arden and unsecured creditor/lessor Motel Partners over breach of a long-term lease. We must decide whether the bankruptcy court abused its discretion in confirming Motel Partners' claim compromise and Plan of Reorganization (the "Plan") on the ground that the claim was not subject to the damages cap in 11 U.S.C. § 502(b)(6) (the "Cap"). The Bankruptcy Appellate Panel ("BAP") reversed. We have jurisdiction under 28 U.S.C. § 158(d) and review the BAP's decision de novo.

See *Ardmor Vending Co. v. Kim (In re Kim)*, 130 F.3d 863, 865 (9th Cir.1997). We hold that the Cap, which limits a lessor's claim for damages resulting from termination of a lease, is applicable to a debtor/guarantor and that the bankruptcy court should have considered the Cap in deciding whether to allow the compromise and confirm the Plan. We therefore affirm the BAP's decision.

## I.  BACKGROUND

Motel Partners, Valley Budget Operational, L.P. ("Valley Budget"), and one of Valley Budget's general partners, Arden, are the central figures in a series of agreements to finance, construct, lease, and operate a motel on property in San Diego, California. Valley Budget, assignee of a 54 year motel sublease that began in 1982, agreed to pay a base rent of $31,500 per month plus a percentage of gross income to Motel Partners. Arden was an unconditional guarantor of the sublease. In 1993, Valley Budget breached the lease and surrendered possession. The following year, Motel Partners leased the motel to a new tenant.

Motel Partners filed suit against Valley Budget and Arden in California state court, seeking damages for the breach. The state court granted a prejudgment writ of attachment in the amount of $2,743,004.

In February 1995, prior to the conclusion of the state court case, Arden filed for Chapter 11 bankruptcy. Motel Partners filed the only unsecured creditor's claim, which was for the amount of the prejudgment attachment. Arden filed an objection, asserting in part that the bankruptcy court should apply the Cap to the claim. The court ruled that the Cap was inapplicable and scheduled an evidentiary hearing to determine the amount of the claim.

---

* The Hon. Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Prior to the hearing, Arden forced Valley Budget into Chapter 7 bankruptcy and filed a motion for reconsideration of the court's ruling on the Cap. Because Arden did not timely file a plan of reorganization, Motel Partners filed its own plan, proposing compromise of its claim for $1.7 million. Motel Partners also filed motions to compromise the claim and to confirm the Plan.

The court heard Arden's motion for reconsideration and Motel Partners' motions to compromise and confirm on the same day. After considering evidence on the amount of the claim to determine whether the compromise was fair, the court approved the compromise and confirmed the Plan. The court also denied Arden's motion for reconsideration.

The BAP reversed the compromise and confirmation orders, concluding that the court abused its discretion in failing to consider the effect of the Cap on Motel Partners' probability of success on its claim. The BAP did not address whether the court properly denied Arden's motion for reconsideration. Both parties appeal.

## II. STANDARD OF REVIEW

▮ Under 11 U.S.C. § 1123(b)(3)(A), a bankruptcy court may approve a claim compromise as part of a plan of reorganization. Confirmation of the plan is subject to the court's determination that the compromise is fair and equitable to the estate after considering the following factors:

(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views....

*Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir.1986) (citation omitted).

▮ Although we review for an abuse of discretion the decision to approve a claim compromise as part of a plan, "the court's discretion is not unlimited." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). An exercise of discretion based on an erroneous interpretation of the law "can be freely overturned." *La Grand Steel Products Co. v. Goldberg (In re Poole, McGonigle & Dick, Inc.)*, 796 F.2d 318, 321 (9th Cir.1986).

## III. APPLICATION OF § 502(b)(6)

▮ Motel Partners urges that compromise of a $2.7 million claim for $1.7 million was fair and equitable and that the bankruptcy court did not err in confirming the Plan based on this compromise. That argument fails, however, because the court refused to consider the effect that the Cap would have on the amount of the claim.

Section 502 of the Bankruptcy Code deals generally with the allowance of claims. A lessor's claim for "damages resulting from the termination of a lease of real property" is allowed, but not always in full. Under the Cap provision:

(b) ... the court ... shall determine the amount of such claim ..., and shall allow such claim in such amount, except to the extent that—

· · ·

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates....

11 U.S.C. § 502(b)(6).

The question whether the Cap applies to a lease guarantor is one of first impression in this circuit. Following the Supreme Court's teaching in *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), we interpret § 502(b)(6) according to its plain meaning and hold that the Cap is applicable to a guarantor. We must interpret a bankruptcy statute according to its plain meaning, "except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Id.* at 242, 109 S.Ct. 1026 (alteration in original) (citation omitted); *see Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 619 (9th Cir.1993) (applying *Ron Pair*). This is not such a case.

A plain reading of the section underscores that it is the claim of the lessor, not the status of the lessee-or its agent or guarantor-that triggers application of the Cap. The section has two predicates: "claim of a lessor" and "damages resulting from the termination of a lease of real property." Motel Partners' claim is clearly a "claim of a lessor." It is equally clear that the claim is one for "damages resulting from the termination of a lease." Because the Cap snugly fits, the court should have donned it. *See Fisher v. Lee Bros. Value World, Inc.*, 486 F.2d 1037, 1038 (9th Cir.1973) (applying predecessor statute 11 U.S.C. § 353 to cap a landlord's claim against a guarantor); *Hippodrome Bldg. Co. v. Irving Trust Co. (In re Radio–Keith–Orpheum Corp.)*, 91 F.2d 753, 756 (2d Cir.1937) (stating that "the guaranty is a secondary obligation and must be subject to the same limitations as the primary").

In reliance on *In re Danrik, Ltd.*, 92 B.R. 964 (Bankr.N.D.Ga.1988), the bankruptcy court held that the Cap was inapplicable because Arden was a guarantor, he appeared solvent even if the claim was paid in full, and Valley Budget was not in bankruptcy. The *Danrik* court refused to apply the Cap based on equitable considerations: (1) all other unsecured creditors had been paid in full; (2) the debtor was a guarantor of the lessee and was solvent; (3) the lessee was not in bankruptcy; (4) the debtor had already been reorganized; and (5) the lease was short-term. *Id.* at 970–72. *Danrik*, however, was decided prior to the Supreme Court's decision in *Ron Pair*. In light of *Ron Pair*, numerous courts have criticized *Danrik* for looking beyond the statutory language. *See, e.g., In re Episode USA, Inc.*, 202 B.R. 691, 693–96 (Bankr.S.D.N.Y.1996); *In re Farley, Inc.*, 146 B.R. 739, 748 (Bankr.N.D.Ill. 1992); *In re Interco, Inc.*, 137 B.R. 1003, 1006–07 (Bankr.E.D.Mo.1992).

This is not a rare case where application of the Cap collides with Congressional intent. The Cap is "designed to compensate the landlord for his loss while not permitting a claim so large (based on a long-term lease) as to prevent other general unsecured creditors from recovering a dividend from the estate." S.Rep. No. 95–989, at 63 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5849. In addressing the predecessor statute, we concluded that it reflected "a Congressional desire to limit otherwise disproportionately large claims of landlords." *Fisher*, 486 F.2d at 1038. Because Motel Partners' claim is substantial, we cannot say that Congress obviously intended that it should not be subject to the Cap.

The question then is whether the court's erroneous belief that the Cap was inapplicable distorted its analysis in approving the compromise which was the basis for confirmation of the Plan. Motel Partners contends that we should find an abuse of discretion only if the compromise was patently unfair and suggests that the court necessarily considered the Cap in determining the probability of success factor.

We are not faced with a challenge to a court's estimation of a party's probability of success on an objection that it considered in the weighing process. We address

instead a challenge to the court's failure to weigh an objection at all. The record is devoid of any indication that the court explicitly or implicitly factored into its decision the possibility that Arden might prevail on his objection. Indeed, it did not consider the effect of the Cap because it was convinced that the Cap was inapplicable. In ruling on the claim allowance, the bankruptcy court held:

> The Claim of Motel Partners, L.P. (Claim 1) against the Debtor is not subject to the limitations of 11 U.S.C. Section 502(b)(6).

At the conclusion of the Plan confirmation hearing, the court reiterated its belief that the Cap was inapplicable when it denied Arden's motion for reconsideration. Accordingly, it failed to inquire into what the claim would be if the Cap applied. The court's final orders do not discuss the Cap except to note in passing that Arden's objection was denied.

■■■ While we give wide latitude to a bankruptcy court in its weighing of factors for approval of a plan compromise, that discretion does not extend to the circumstance where it clearly misconceives the law. See Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir.1995) ("The cask which encases a judge's discretion, though commodious, can be shattered when a reviewing tribunal is persuaded that the trial court misconceived or misapplied the law .... ") (citation omitted). When a court misconceives the law on a material issue, such an error infects the entire process with potential inequity, rendering the result of that process flawed. Thus, a court "by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

In Cox v. Lansdowne (In re Cox), 904 F.2d 1399 (9th Cir.1990), we addressed whether a bankruptcy court committed a "gross abuse" of discretion when it ruled that a wife was not justified in failing to keep business records and therefore was not entitled to a discharge. Although we noted that the determination whether the wife's action was justified was within the court's discretion, we reversed because the court labored under the erroneous legal premise that the wife could not rely on her husband to keep the records. We held that "[b]y failing to consider a relevant factor in making its justification determination, the bankruptcy court committed an error of law which constitutes a gross abuse of discretion." Id. at 1403.

Similarly, the legal error here caused the court to exclude a relevant factor when it decided to approve the compromise. The error here is not one of degree but one that could make a critical difference in the outcome. Arden argues that if the Cap were to apply, the claim would be substantially less than the $1.7 million compromise and even Motel Partners concedes that the Cap would reduce its claim to approximately $1.1 million, well below the compromise amount. The court should have considered the effect of the Cap on the amount of the claim in reaching its determination that the compromise was fair and equitable. See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968) ("There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.") cf. Lowenschuss v. Selnick (In Re Lowenschuss), 170 F.3d 923, 932 (9th Cir. 1999) (reversing a bankruptcy court's confirmation order because it erroneously excluded a major asset from the estate).

## IV. CONCLUSION

We hold that the bankruptcy court should have considered § 502(b)(6) in evaluating whether the compromise was fair and equitable. We cannot rubber stamp the compromise and the Plan knowing that the court failed to consider a material factor in its calculus, nor should we attempt

to weigh that factor ourselves. We affirm the BAP's reversal of the bankruptcy court's orders approving the claim compromise and confirming the Plan. In light of this result, we express no view on the other issues raised by Arden. We remand to the BAP for remand to the bankruptcy court for further proceedings consistent with this opinion.

**AFFIRMED AND REMANDED.**