■ In the Matter of CITY OF YONKERS, Respondent, v YONKERS RACING CORPORATION, Appellant, et al., Respondents.—In a condemnation proceeding pursuant to EDPL article 4 by the City of Yonkers to acquire a parcel of real property owned by the Yonkers Racing Corporation, the Yonkers Racing Corporation appeals from a judgment of the Supreme Court, Westchester County (Palella, J.), entered April 4, 1989, which granted the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

We agree with the contention by the City of Yonkers that the prior determination, on the merits, by the United States Court of Appeals for the Second Circuit of a proceeding pursuant to CPLR article 78 was entitled to collateral estoppel effect. Subsequent to the commencement of this condemnation proceeding, the Yonkers Racing Corporation (hereinafter the Racing Corporation) commenced a proceeding pursuant to CPLR article 78. The causes of action in that proceeding were virtually identical to the affirmative defenses asserted by the Racing Corporation in this condemnation proceeding. Because a prior related civil rights action was pending in the United States District Court for the Southern District of New York, that court ordered the removal of the proceeding pursuant to CPLR article 78 to Federal court to avoid the possibility of inconsistent orders being rendered by the Federal and State courts. The District Court then denied the motion by the

Racing Corporation to remit the proceeding pursuant to CPLR article 78 to State court. The court also dismissed the proceeding pursuant to CPLR article 78 on the merits. Both determinations were made after a hearing. The United States Court of Appeals for the Second Circuit affirmed, and the United States Supreme Court denied certiorari as to both the jurisdictional issue and the merits of the proceeding pursuant to CPLR article 78 *(see, Yonkers Racing Corp. v City of Yonkers,* 858 F2d 855, *cert denied,* 489 US 1077). The Supreme Court, Westchester County, according preclusive effect to these determinations, granted the petition herein.

It is settled that the doctrine of collateral estoppel is predicated on two requirements. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" *(Kaufman v Lilly & Co.,* 65 NY2d 449, 455; *Ryan v New York Tel. Co.,* 62 NY2d 494, 499-501). The doctrine applies not only to the merits of an action but also to determinations by the prior court as to its own jurisdiction *(cf., Underwriters Natl. Assur. Co. v North Carolina Guar. Assn.,* 455 US 691; *see also,* Siegel, NY Prac § 455). The record shows that both issues, as to jurisdiction and the merits, were fully litigated. It follows that the judgment of the Supreme Court, Westchester County, properly accorded collateral estoppel effect to the determination of the Federal court. Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.