■ In the Matter of JOEL BAUER et al., Appellants, v PLANNING BOARD OF THE VILLAGE OF SCARSDALE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Scarsdale, dated May 24, 1989, which, inter alia, granted final approval on the subdivision application of Harry and Joy Henshel, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), dated April 20, 1990, which dismissed their first cause of action and denied the remainder of their petition.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In a prior action by the petitioners against the respondents for a judgment declaring that the application of Harry and Joy Henshel for a "flag lot" subdivision was illegal by virtue of Local Laws, 1988, Nos. 1 and 2 of the Village of Scarsdale, the Supreme Court, Westchester County (Coppola, J.), in a judgment entered March 8, 1989, declared that the application was governed by the grandfathering provisions of the newly enacted Local Laws, 1988, No. 2 of the Village of Scarsdale, and therefore should be reviewed under the repealed provisions of the village ordinance which had permitted "flag lot" subdivisions. That judgment was affirmed by this Court in Bauer v Planning Bd. (159 AD2d 532).

In or about July 1989 the petitioners brought the instant proceeding. Three causes of action were alleged against the respondent Planning Board. In the first cause of action, the petitioners asserted that due to a notice defect and the Planning Board's consequent lack of authority, the hearing on the Henshel application was delayed until after the change in the "flag lot" law; therefore, the application was not "submitted" prior to the change in the law, and should not be reviewed under the repealed provisions of the village ordinance permitting "flag lot" subdivisions. Contrary to the petitioners' assertion, the Supreme Court properly dismissed their first cause of action under the doctrine of claim preclusion.

Under the transactional analysis test adopted by the Court of Appeals, subsequent claims are barred if they are coterminous with a transaction or series of transactions from which a

previously-determined claim arose. The transactional analysis test applies to claims which " ' "are related in time, space, origin, or motivation * * * they form a convenient trial unit, and * * * their treatment as a unit conforms to the parties' expectations or business understanding or usage" ' " *(Gross v Glick,* 183 AD2d 748; *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193, citing Restatement [Second] of Judgments §§ 61, 61.1 [Tent Draft Nos. 1, 5], currently Restatement [Second] of Judgments § 24 [2]; *see also, Boronow v Boronow,* 71 NY2d 284; *Matter of Reilly v Reid,* 45 NY2d 24). Even if there are variations in the facts alleged, legal theories asserted, or relief sought in the new pleading, the separately stated "causes of action" may nevertheless be grounded on the same gravamen of the wrong upon which the action is brought, and disposition of one such cause of action precludes assertion of the others *(see, Matter of Reilly v Reid, supra,* at 29; *Gross v Glick, supra).*

Applying these principles to this case, we conclude that the first cause of action arose from and was integrally related to the same series of transactions which were alleged in the declaratory judgment action, i.e., that the Planning Board did not technically consider the Henshel's application prior to the change in the "flag lot" law. Therefore, the petitioners' first cause of action was properly dismissed. We note that even if we were to assume, *arguendo,* that the claim with respect to the notice defect were still viable, that claim is academic because the Planning Board never considered the Henshel application at the meeting for which the alleged defective notice was given.

We further find that the Planning Board properly considered the criteria enunciated in 6 NYCRR 617.11 (a) (1)-(11), prior to determining that the proposed subdivision would not result in a significant adverse impact on the environment as mandated by the State Environmental Quality Review Act (ECL art 8). Its determination of nonsignificance was not arbitrary and capricious, and was based upon substantial evidence in the record. Furthermore, the Planning Board took a "hard look" at potentially troublesome areas as evidenced by its discussion of these areas at meetings and its consequent listing of conditions upon which final approval of the project was contingent *(see, Matter of Gottlieb v Rye City Planning Commn.,* 154 AD2d 465; *Akpan v Koch,* 75 NY2d 561, 570; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417; 6 NYCRR 617.6 [g] [1] [ii]; 617.11).

We have reviewed the petitioners' remaining contention and

find it to be without merit. Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.