■ JAMES C. COURI et al., Appellants, v WESTCHESTER COUNTRY CLUB, INC., Respondent.—In an action, inter alia, to recover damages for breach of contract, negligence, and libel and slander, and for a declaration that the defendants wrongfully terminated the plaintiffs' membership and a lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered October 18, 1990, as denied their cross motion, inter alia, for partial summary judgment and dismissal of the defendant's affirmative defenses of res judicata, collateral estoppel, and Statute of Limitations, and granted those branches of the defendant's cross application which were to dismiss the first, third, and fourth causes of action set forth in the complaint with prejudice.

Ordered that the order is affirmed insofar as appealed from, with costs.

After a prior action by the plaintiffs against the defendant was dismissed with prejudice (see, Couri v Westchester Country

*Club,* 186 AD2d 712 [decided herewith]), they commenced the instant action, *inter alia,* to recover damages for breach of an agreement between the parties, and libel and slander based upon the defendant's action in posting James Couri's name for nonpayment of rent and fees. In the order appealed from, the Supreme Court dismissed the first, third, and fourth causes of action set forth in the plaintiffs' complaint.

Contrary to the plaintiffs' contention, we find that the Supreme Court properly concluded that the third cause of action asserted in their complaint is barred by the doctrine of res judicata. Under the transactional analysis test adopted by the Court of Appeals, subsequent claims are barred if they are coterminous with the transaction or series of transactions from which the earlier claims arose, meaning that if the facts upon which these claims are based " 'are related in time, space, origin, or motivation * * * they form a convenient trial unit, and * * * their treatment as a unit conforms to the parties' expectations' " *(Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193, quoting Restatement [Second] of Judgments §§ 61, 61.1 [Tent Draft Nos. 1, 5], currently Restatement [Second] of Judgments § 24 [2]; *see also, Boronow v Boronow,* 71 NY2d 284; *Matter of Reilly v Reid,* 45 NY2d 24). Under this analysis, a variation in the facts alleged, legal theories asserted, or relief sought in the new pleadings generally will not affect the result, because separately stated causes of action "may nevertheless be grounded on the same gravamen of the wrong upon which the action is brought" *(Matter of Reilly v Reid, supra,* at 29; *Gross v Glick,* 183 AD2d 748). Applying these principles at bar, we note that in their prior action, the plaintiffs sought recovery for water damage to their apartment based upon a theory of fraud and breach of a warranty of habitability. In the instant action, the plaintiffs seek, in their first cause of action, to recover damages for water damage to their apartment under the indemnification provision of an agreement between the parties. Since the gravamen of both claims is that the plaintiffs' apartment has sustained water damage and that the defendant is required to immediately commence a comprehensive project to rehabilitate the exterior walls of the premises, we agree that the doctrine of res judicata precludes the plaintiffs from relitigating this issue *(see, Smith v Russell Sage Coll., supra; Slavin v Fischer,* 160 AD2d 934).

We further find that the third and fourth causes of action alleged in the plaintiffs' complaint were properly dismissed pursuant to the doctrine of collateral estoppel. It is well

established that the doctrine of collateral estoppel will be invoked to preclude repetitive litigation of an issue where that issue was necessarily decided in a prior action, and where the parties had a full and fair opportunity to contest the decision now said to be controlling *(see, Kaufman v Lilly & Co.,* 65 NY2d 449; *Bell v New York State Dormitory Auth.,* 183 AD2d 530; *Matter of City of Yonkers v Yonkers Racing Corp.,* 171 AD2d 663, 664). In the instant case, the court previously determined, in connection with the prior litigation, that the plaintiffs were not entitled to withhold their rent and country club fees based upon their belief that they were owed a sum in excess of their obligations pursuant to the indemnification clause of the agreement between the parties. The resolution of this issue in the defendant's favor further compels the conclusion that the defendant, in accordance with its constitution and by-laws, was entitled to terminate the plaintiff James Couri's membership and post his name in the defendant's clubhouse for nonpayment of rent and fees due. Accordingly, the third cause of action alleging improper termination of membership, and the fourth cause of action alleging libel and slander based upon the defendant's posting of Couri's name, are precluded by the doctrine of collateral estoppel.

We have examined the plaintiffs' remaining contentions, and find that they are without merit. Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.