**Beverly KOHN, Appellant,**

v.

**LEAVITT–BERNER TANNING CORP., Appellee.**

No. 93–CV–422.
Bankruptcy No. 88–10950.

United States District Court, N.D. New York.

Aug. 18, 1993.

---

524

McClung, Peters & Simon, Albany, NY (Karen M. Buckley, of counsel), for appellant.

Cooper, Erving, Savage, Nolan & Heller, Albany, NY (Richard Weiner, of counsel), for appellee.

## MEMORANDUM DECISION AND ORDER

CHOLAKIS, District Judge.

This action comes before the court on appeal from a ruling by Bankruptcy Judge Justin J. Mahoney. This court has jurisdiction under 28 U.S.C. § 158(a). The facts, as found by the Bankruptcy Court, are as follows:

1. Beverly Kohn as "lessor" entered into a written lease with the debtor as "lessee" of real property on Townsend Avenue in Johnstown, New York. The term of the lease extended for ten years from November 1, 1983 through October 31, 1993.

2. The original lease required yearly rent payment of $45,000, payable in equal monthly installments of $3,750 per month.

3. The lease further provided under Article 3.2 that the lessee would pay all taxes, levies, assessments and any and all public charges assessed against the property and, in the event lessee shall fail to pay any taxes then, "Lessor shall have the right, but not the obligation, to obtain such insurance and pay any such utility charges and taxes ... and in the event Lessor does so, the amounts paid by Lessor shall be deemed additional rent payable to Lessor by Lessee on Lessor's demand." Article 3.5 of Lease Agreement.

4. The lease was later modified by the parties to provide for an increase in rent as of April 1, 1984 to $4,850 per month.

5. The debtor made regular payments under the lease until August, 1984. Thereafter, only three rent payments totalling $12,400 were made as follows: $6,200 (on 2/10/85), $3,100 (on 3/28/85), and $3,100 (on 4/24/85).

6. In 1986 title to the property was taken by the City of Johnstown for nonpayment of taxes and utilities. Unpaid utility charges and taxes during the debtor's occupancy amounted to $340,249.91.

8. [Sic]. In December, 1987 Beverly Kohn brought an action against the debtor to recover the rent due under the lease. A state court default judgment was entered on February 10, 1988 in the amount of $559,807.

9. Debtor's motion to vacate the default judgment was denied by the state court on June 27, 1988, twelve days after an involuntary petition was filed against the debtor. (June 15, 1988).

Memorandum–Decision and Order on Objection to Claim at 4 [hereinafter MDO].

The Chapter 7 trustee then filed with the bankruptcy court an objection to the claim of creditor Beverly Kohn for unpaid rent. Ms. Kohn, the claimant, now appeals the decision of the bankruptcy judge reducing the allowable portion of the judgment to $146,680 plus interest, as required by 11 U.S.C. § 502(b)(6) of the bankruptcy code.[1] Claimant also appeals the bankruptcy judge's determination that the $340,249.91 in unpaid taxes and utility charges is not includable as rent under § 502.

### The Parties' Arguments

Claimant argues that application of 28 U.S.C. § 1738, which requires the federal courts to afford full faith and credit to state court judicial proceedings, precludes adjustment by the bankruptcy court of the $559,807 judgment awarded by the state court.[2] Claimant also argues that the $340,249.91 in unpaid taxes and utility charges, which was not included in the state court judgment, is additional rent. Because it was not reduced to judgment by

the state court, claimant contends that it can be considered anew by the federal court and section 502(b)(6) should be applied.

In opposition, the trustee argues that the state court judgment of $559,807 is excessive under Section 502(b)(6) of the Bankruptcy Code, and that the bankruptcy judge was correct in concluding that the claim should be allowed only to the extent permitted under that section. The trustee further argues that the state court, by failing to include the $340,249.91 in taxes and utility charges in its judgment, has determined that it was not rent and the issue is now *res judicata*.

### Judge Mahoney's Reasoning

Confronted with these seemingly counter-intuitive arguments, Judge Mahoney resolved them in the following manner. With respect to reduction of the judgment amount,[3] Judge Mahoney determined that the bankruptcy court was precluded from reviewing the monthly rental figure decided upon by the state court, but not from applying to that figure the bankruptcy code's formula for claim allowability. Judge Mahoney reasoned that

[t]he state court judgment at issue was based upon finding $4,850 as the monthly rental figure owed under the lease under the terms of a modification agreement executed by the parties. Principles of full faith and credit give a preclusive effect to this finding, preventing this court from reexamining the higher modified monthly rental figure of $4,850 as found by the state court.

There is nothing, however, which precludes this court from recognizing and giving effect to the express limitation contained in 11 U.S.C. § 502(b)(6) on a

---

1. 11 U.S.C. § 502(b)(6) provides a formula for determining the allowable portion of a claim by a lessor for damages resulting from the termination of a lease. A "claim" includes the "right to payment, *whether or not such right is reduced to judgment* . . . ." 11 U.S.C. § 101(4)(A) (emphasis added).

2. 28 U.S.C. § 1738 commands that the judicial proceedings of any court of any state "shall

have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

3. Neither party has disputed the calculations made by the bankruptcy judge, only his authority to make them.

lessor's claim for damages under the bankruptcy code and in so doing from looking behind a judgment to determine the nature of the liability for purposes of fixing the allowable amount of a claim under § 502(b)(6). *In re Bus Stop, Inc.,* 3 B.R. 26 ([Bkrtcy.] S.D.Fla.1980). Issues decided in the state court may dictate what figures are used in applying the formula, but will not serve to substitute for the formula expressed in the foregoing section of the Bankruptcy Code.

MDO at 3.

As to the additional $340,249.91 in taxes and utility charges, Judge Mahoney found that the state court did not include it as rental due under the lease, and that "the debtor's responsibility for these charges under the lease constituted a separate financial covenant which does not factor into the calculation of the damage cap provided for by § 502(b)(6)." MDO at 6.

## ISSUE PRESENTED

The issue presented to this court is two-fold. First, did the bankruptcy court err as a matter of law by applying 11 U.S.C. § 502(b)(6) to claimant's state court judgment to calculate the amount allowable to claimant? Second, did the Bankruptcy Court err as a matter of law by excluding from the amount allowable as rent due to claimant all or part of the $340,249.91 in unpaid taxes and utility charges?

The short answer to both of these questions is "No." The Bankruptcy Court did not err in applying § 502(b)(6) to claimant's state court judgment, and although this court will elaborate on Judge Mahoney's reasoning, his reasoning is sound. Judge Mahoney was also correct in excluding from rent due the unpaid taxes and utility charges. This court, however, while reaching the same conclusion, has done so on different grounds.

## DISCUSSION

### Standard of Review of Bankruptcy Court Decisions

When confronted with a bankruptcy appeal, the District Court may affirm, modify or reverse a bankruptcy judge's judgment or order. *See* Bankruptcy Rule 8013. Findings of fact must be left undisturbed unless clearly erroneous, *id.,* but conclusions of law must be reviewed *de novo. In re Bocker,* 123 B.R. 164, 165 (E.D.N.Y. 1991).

The present case, calling for review of Judge Mahoney's legal conclusions, requires this court to make independent determinations of applicable law.[4]

1. **The Bankruptcy Court Did Not Err as a Matter of Law By Applying 11 U.S.C. § 502(b)(6) to Claimant's State Court Judgment.**

28 U.S.C. § 1738 "specifically require[s] all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citing 28 U.S.C. § 1738). The Second Circuit has noted that bankruptcy courts fall within this mandate. *Kelleran v. Andrijevic,* 825 F.2d 692, 694 (2d Cir.1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988).

■ The claimant argues that the preclusive effect of this statute bars the federal courts from tampering with the amount owed on the judgment. At first blush this argument appears to have merit. Any reduction in the amount of the judgment seems to accord the state court judgment less than full faith and credit. In effect, this places § 1738 at odds with § 502(b)(6) of the bankruptcy code. A closer examination of the language of § 502, however, permits a reading which both honors the state court judgment, and at the same time

---

**4.** Judge Mahoney's factual findings cannot be said to be clearly erroneous, and are left undisturbed.

allows the bankruptcy court to fulfill the equitable purpose of the bankruptcy code.[5]

Section 502(b) requires the bankruptcy court to undertake a two-part analysis. First the court must "determine the amount of [a creditor's] claim as of the date of the filing of the petition...." In a case such as the one at bar, this means accepting as non-reviewable the amount of the claim as determined by the state court. This figure then forms the basis for the second part of the analysis, wherein the court determines how much of the claim should be allowed. Applying the principles of equity inherent in the code, the court looks behind the judgment to ascertain the relationship between the parties. When the parties stand as lessor and lessee, as in the case at bar, § 502(b)(6) applies. This subsection provides a formula to which the previously determined judgment figure is applied, resulting in a second figure—the allowable portion of the original judgment.[6] This second figure represents Congress' view of what is equitable between a lessor and lessee in bankruptcy.

Through this two-step process the bankruptcy court pays deference to the state court judgment and, at the same time, to Congress' notions of equity as expressed in the bankruptcy code. Judge Mahoney applied similar logic in his opinion, and for this reason his decision shall be affirmed.

## 2. The Bankruptcy Court Did Not Err as a Matter of Law By Excluding the Unpaid Taxes and Utility Charges.

Claimant contends that the state court did not reduce to judgment the $340,249.91 in unpaid taxes and utility charges, thereby leaving the issue open to decision in the federal courts. Here, however, her full faith and credit argument works against claimant.

Section 1738 precludes re-litigation in the bankruptcy court of issues which were previously determined in state court. *See Kelleran*, 825 F.2d at 695; 28 U.S.C. § 1738. Thus, the question becomes whether claimant is barred from further litigating this claim in state court.

Under the New York courts' transactional analysis test for issue preclusion, claimant is indeed barred from further litigating the claim in the New York courts. The test applies "to claims which 'are related in time, space, origin, or motivation [such that] they form a convenient trial unit, and * * * their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Bauer v. Planning Board of the Village of Scarsdale*, 186 A.D.2d 129, 130, 587 N.Y.S.2d 726, 727 (1992) (citations omitted). Under the test, "subsequent claims are barred if they are co-terminous with a transaction or series of transactions from which a previously-determined claim arose." *Id.* at 129–30, 587 N.Y.S.2d at 727. In the present case, both the claim for basic rent and the claim for unpaid taxes and utility charges arose from the same transaction: the commercial lease between the parties.

Because both claims were "grounded on the same gravamen of the wrong on which the action was brought ... disposition of one ... cause of action precludes assertion of the other[ ]." *Id.* at 130, 587 N.Y.S.2d at 727. Consequently, resolution of the rent claim, regardless of whether or not the additional tax and utility claim was reduced to judgment, bars any subsequent claim on either issue in state court. The federal courts are bound by § 1738 to give preclusive effect to the state court proceeding.

Therefore, while this court shall affirm Judge Mahoney's conclusion that the unpaid taxes and utility charges are excluded

5. "[T]he bankruptcy court in passing on allowance of claims sits as a court of equity." *Pepper v. Litton*, 308 U.S. 295, 307, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939).

6. In the case at bar, the bankruptcy court inserted into this formula the $4,850 monthly rental figure used by the state court to compute the original judgment. The resulting figure, $146,680, represents the allowable portion of the original claim. The difference between the state court judgment and the allowable portion of the claim is thus disallowed by operation of the bankruptcy code.

from the amount payable to claimant, this court bases its decision on issue preclusion grounds, without reaching the merits.

## CONCLUSION

Claimant's basic rent claim is hereby allowed as specified in Judge Mahoney's Memorandum–Decision Order dated February 2, 1993, and claimant's further claim for unpaid taxes and utility charges is dismissed on issue preclusion grounds.

**IT IS SO ORDERED.**