■ In the Matter of LARCH REALTY CORP., Appellant, v BOARD OF APPEALS OF THE VILLAGE OF LARCHMONT, Respondent, and PALMER NORTH DEVELOPMENT CORP., Intervenor-Respondent. [618 NYS2d 231] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Larchmont, dated March 10, 1993, which, after a hearing, *inter alia,* granted the application of the intervenor-respondent Palmer North Development Corp. for an area variance reducing the number of on-site parking spaces deemed to be required by the Building Inspector, the petitioner appeals from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered January 27, 1994, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On appeal, the petitioner contends that the Supreme Court improperly applied the doctrine of collateral estoppel to bar it from challenging the Zoning Board's granting of a parking variance. It is well settled that the doctrine of collateral estoppel is predicated on two requirements. First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination *(see, Matter of City of Yonkers v Yonkers Racing Corp.,* 171 AD2d 663; *see also, Couri v Westchester Country Club,* 186 AD2d 715). The record indicates that the petitioner had a full and fair opportunity to litigate this issue in a prior proceeding but

failed to do so. Therefore, the Supreme Court did not err by according collateral estoppel effect to the determination *(see, Matter of City of Yonkers v Yonkers Racing Corp., supra).*

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.