■ In the Matter of 789 St. Marks Realty Corp., Respondent, v Felice Michetti, as Commissioner of the Department of Housing Preservation and Development of the City of New York, et al., Appellants. [622 NYS2d 108] —In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Housing Preservation and Development dated June 24, 1992, rejecting the petitioner's objections to the cost of court-authorized repairs to the petitioner's premises and to the filing of a lien against the premises, the appeal is from an order of the Supreme Court, Kings County (Ramirez, J.), dated April 26, 1993, which granted the petition to the extent of remitting the matter to the Department of Housing Preservation and Development for a hearing and, pending determination of the issues to be raised at the hearing, enjoined the appellants from enforcing the lien.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed.

The petitioner is precluded from bringing the present CPLR article 78 proceeding. The doctrine of collateral estoppel bars a party from relitigating an issue that was decided in a prior action in which the party had a full and fair opportunity to litigate the issue *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Matter of Larch Realty Corp. v Board of Appeals,* 208 AD2d 630). Similarly, the Administrative Code of the City of New York precludes a party from relitigating "[a]n issue * * * which was decided, or could have been contested, in a prior court proceeding to secure a court order to repair" (Administrative Code § 27-2146 [c]; *Department of Hous. Preservation & Dev. v 849 St. Nicholas Equities,* 141 Misc 2d 258). Although the petitioner in this case was not a party to the

prior proceedings in the Civil Court, Housing Part, it is bound by the determinations rendered against its predecessor-in-title authorizing the challenged lien *(see, D'Arata v New York Cent. Mut. Fire Ins. Co., supra; Department of Hous. Preservation & Dev. v 849 St. Nicholas Equities, supra)*. In any event, there is a rational basis in the record for the determination of the Department of Housing Preservation and Development *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Ritter, J. P., Copertino, Joy and Hart, JJ., concur.