■ BATTERY PARK CITY AUTHORITY, Respondent-Appellant, v ARTHUR J. SIKULA, as President of the Board of Managers of the Hudson View West Condominium, Appellant-Respondent. [624 NYS2d 129] —Order, Supreme Court, New York County (Stephen Crane, J.), entered September 23, 1994, which granted summary judgment to plaintiff, declared that the tenants were not entitled to rent reductions, declared that defendant Board of Managers defaulted on its obligations under the lease and declaration and by-laws of the condominium, directed the Board to pay over to plaintiff such rental funds as it presently was holding, directed the Board to provide to plaintiff an accounting of all such sums collected in and after June 1993, directed the Board to make its books and records available to plaintiff, awarded attorneys' fees to plaintiff, and denied plaintiff's request for a permanent injunction with respect to future collection of rent, unanimously modi-

fied, on the law and the facts, to vacate the award of attorneys' fees to plaintiff and to provide that defendant's turnover of funds include interest earned on the interest bearing escrow account, and otherwise affirmed, without costs.

The IAS Court correctly applied the doctrine of *res judicata* to preclude the common law and equitable claims that were directly raised in the prior proceeding between these parties as well as those predicated on the same facts that could have been raised *(see, Couri v Westchester Country Club,* 186 AD2d 715, *lv dismissed and denied* 81 NY2d 912). Concerning the direction that the Board pay over to plaintiff the rental funds it has collected, the lease clearly distinguishes between the landlord's remedies against a defaulting tenant, and a nonperforming Board. The lease provision relied on by the Board governs the former, and does not restrict plaintiff's election of remedies against the Board. However, the lease also implicitly distinguishes between actions against a tenant and a nonperforming Board, with respect to the landlord's contractual right to attorneys' fees, in that it provides such a right only in connection with actions against a tenant to enforce the covenants and provisions of the lease, and is silent in connection with an action, such as the present one, against a nonperforming Board. The IAS Court, in awarding attorneys' fees against the Board, erroneously relied on the lease provisions pertaining to actions against a tenant, and we accordingly modify to vacate such award.

Since the lease clearly operates to grant plaintiff a right to review the Board's books and records, and to have an accounting, we uphold the related directives of the IAS Court. To the extent defendant has earned interest on amounts held in escrow, representing withheld rental payments, such amounts should also be turned over to plaintiff. We have considered the remaining contentions of cross-appellants and find no other basis to disturb the order on appeal. Concur—Sullivan, J. P., Wallach, Asch, Nardelli and Williams, JJ.