■ Arthur Hauss, Respondent, v City of New York, Appellant. [635 NYS2d 681] —In an action to recover $5,509 in terminal leave benefits, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 23, 1994, as denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), and granted the plaintiff's motion for leave to enter a judgment against the defendant in the principal amount of $5,509.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendant's motion

for summary judgment dismissing the complaint and granted the plaintiff's motion for leave to enter a judgment against the defendant *(see, Zuckerman v City of New York,* 49 NY2d 557). In particular, the court correctly determined that the defendant was collaterally estopped from disputing its obligation to pay the plaintiff terminal leave benefits since, as the defendant concedes on appeal, the issue of the plaintiff's entitlement to these benefits was determined in an earlier action in which the defendant had a full and fair opportunity to litigate the issue *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Matter of City of Yonkers v Yonkers Racing Corp.,* 171 AD2d 663; *Sucher v Kutscher's Country Club,* 113 AD2d 928). Futhermore, we reject the defendant's contention that the instant case presents "unmixed questions of law" to which estoppel principles are inapplicable *(see, United States v Moser,* 266 US 236).

The defendant's remaining contentions are either improperly raised on appeal or without merit. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.