■ In the Matter of TRI-STATE SOL-AIRE CORP., Appellant, v GOLD & WACHTEL, Respondent, et al., Respondents. [659 NYS2d 509] —In a proceeding, *inter alia,* to set aside certain conveyances as fraudulent, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated September 25, 1996, as granted that branch of the cross motion of the respondent Gold & Wachtel, Esqs., which was to dismiss the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

A prior action brought by the petitioner against the respondents Jalco Construction Corporation and Suffolk Square As-

sociates resulted in a judgment of the Supreme Court, Suffolk County, entered April 8, 1992, in favor of the petitioner in the principal amount of $139,970. The petitioner then moved, *inter alia,* to hold the respondent Gold & Wachtel, Esqs. (hereinafter Gold & Wachtel), in contempt for their failure and refusal to comply with a subpoena duces tecum served upon them as attorneys for Suffolk Square Associates in connection with the judgment entered April 8, 1992. The petitioner also sought recovery from Gold & Wachtel on the ground that it had received moneys from the trust account of Suffolk Square Associates, in violation, *inter alia,* of the petitioner's lien on property belonging to Suffolk Square Associates. The motion was denied, and an appeal therefrom was dismissed as abandoned by decision and order of this Court dated August 23, 1993 (App Div Docket No. 92-6186). The petitioner then commenced the instant proceeding, *inter alia,* to set aside as fraudulent the pre-judgment release of funds from the trust account to Gold & Wachtel. The Supreme Court granted so much of the cross motion of the respondent Gold & Wachtel which was to dismiss the petition on the grounds that it failed to state a cause of action and is barred by res judicata.

Contrary to the petitioner's contention, the Supreme Court properly concluded that the proceeding is barred by the doctrine of res judicata. Under the transactional approach adopted by the Court of Appeals, subsequent claims or causes of action are barred if they are coterminous with the transaction or series of transactions from which the earlier claims arose *(see, Couri v Westchester Country Club,* 186 AD2d 715, 716; *Smith v Russell Sage Coll.,* 54 NY2d 185). "Under this analysis, a variation in the facts alleged, legal theories asserted, or relief sought in the new pleadings generally will not affect the result, because separately stated causes of action 'may nevertheless be grounded on the same gravamen of the wrong upon which the action is brought'" *(Couri v Westchester Country Club, supra,* at 716, quoting *Matter of Reilly v Reid,* 45 NY2d 24, 29).

Applying these principles to the case at bar, in its prior action the petitioner sought to hold Gold & Wachtel in contempt of court for, *inter alia,* their failure to comply with an order and judgment of the Supreme Court, Suffolk County, which was in favor of the petitioner. In the instant proceeding, the petitioner seeks, *inter alia,* to compel Gold & Wachtel to disgorge funds allegedly paid to itself from a trust account of the judgment debtor in the prior action. Since the gravamen of both claims is that the petitioner is entitled to these funds, has priority over Gold & Wachtel's claims, and that its judgment

should be satisfied first, we agree that the doctrine of res judicata precludes the petitioner from relitigating this issue *(see, Smith v Russell Sage Coll., supra; Couri v Westchester Country Club, supra).*

The petitioner's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.