**In re PROCARE AUTOMOTIVE SERVICE SOLUTIONS, LLC, Debtor.**

**No. 06–10605.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Jan. 24, 2007.

Alan R. Lepene, Jeremy M. Campana, Renee L. Davis, Thompson Hine LLP, Cleveland, OH, for Debtor.

Thomas G. Kovach, Harold E. Farling, Kovach & Farling Co., L.P.A., Cleveland, OH, for Frederick G. Voltz, trustee of the Voltz Family Trust.

### MEMORANDUM OF OPINION AND ORDER

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

Prepetition, Frederick G. Voltz, trustee of the Voltz Family Trust dated 9/25/95, obtained a state court judgment against ProCare Automotive Service Solutions, LLC based on damages for termination of a real estate lease. Voltz filed a proof of claim in ProCare's chapter 11 case for the full amount of the judgment. The debtor objects, arguing that the claim is subject to the cap set forth in 11 U.S.C. § 502(b)(6). Voltz responds that preclusion principles make that cap inapplicable. For the reasons stated below, the court finds that the statute applies and sustains the objection in part, with the remaining issues to be resolved through an evidentiary hearing.

### JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

In 2005, Frederick G. Voltz, trustee of the Voltz Family Trust dated 9/25/95, obtained a Texas state court judgment against ProCare Automotive Service Solutions, LLC and Graceful E. Done, LLC, jointly and severally. The judgment was for $671,969.96 plus prejudgment interest, attorney fees, court costs, and post-judgment interest. ProCare appealed from that judgment. While that appeal was pending, ProCare filed its chapter 11 case.

Voltz timely filed a proof of claim in the amount of $721,239.46 plus interest, attached a copy of the judgment, and stated that the basis for the claim was a real estate lease.[1] Voltz acknowledges that the claim includes damages for future rent under the lease. The debtor objects to the claim.

## 11 U.S.C. § 502(b)(6)

Bankruptcy code § 502(b)(6) provides that when a debtor objects to a claim:

(b) ... the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

\*       \*       \*       \*       \*       \*

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds-

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of–

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property, plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates.

11 U.S.C. § 502(b)(6).

## ISSUE

Should a claim based on a state court judgment that includes damages for termination of a real estate lease be reduced under 11 U.S.C. § 502(b)(6) before being allowed?[2]

## THE POSITIONS OF THE PARTIES

The debtor argues that the claim should be (1) reduced under bankruptcy code § 502(b)(6), but because Voltz did not provide enough documentation to calculate the reduction, the claim should be (2) disallowed in its entirety.[3] Voltz responds that the state court judgment is final and must be allowed as filed under preclusion doctrines designed to give the appropriate respect to such judgments. Voltz also states that it provided ample documentation to support the § 502 calculation, if that calculation is needed.[4] The debtor replies that the substance of the judgment as a claim for breach of a real estate lease controls, congressional intent is furthered by applying § 502(b)(6), and application of

---

1.   Claims docket # 122.

2.   The parties did not cite any Sixth Circuit law on this issue and the court has not found any case directly on point based on its own research.

3.   Docket 565, 681.

4.   Docket 589, 713.

that statute does not undermine any preclusion doctrine.

## DISCUSSION

A filed claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). On objection, the court is to "determine the amount of such claim ... and allow such claim in such amount," with certain exceptions. 11 U.S.C. § 502(b). One exception is where the claim is made by a lessor for damages resulting from the termination of a real property lease. In that case, the claim is allowed, except to the extent that future rent exceeds the cap set out in the statute. 11 U.S.C. § 502(b)(6). Section 502(b)(6) is not a formula for calculating the landlord's total damages, but is instead a limitation on the damages that can be recovered for future rent. *In re Steven Windsor, Inc.*, 201 B.R. 133, 135 (Bankr.D.Md.1996).

Congress adopted this limitation based on principles of equity. The limitation,

> is aimed at compensating a lessor for his loss while not allowing a claim "so large (based on a long-term lease) as to prevent other general unsecured creditors from recovering a dividend from the estate. Thus, Congress intended to compensate landlords for their actual damages while placing a limit on large future, speculative damages which would displace other creditors' claims."

*Highland Superstores, Inc. v. Strobeck Real Estate, Inc. (In re Highland Superstores, Inc.)*, 154 F.3d 573, 577 (6th Cir. 1998) (quoting *Vause v. Capital Poly Bag, Inc.*, 886 F.2d 794, 801–02 (6th Cir.1989)). *See also In re Thompson*, 116 B.R. 610, 612 (Bankr.S.D.Ohio 1990) (noting that the section "was designed to compensate a landlord for his loss due to breach of a lease, yet preclude a claim so large as to prevent other general unsecured creditors from recovering a reasonable dividend from the estate.").

If Voltz had not obtained a judgment before the debtor filed its bankrupty case, the claim would be subject to the § 502(b)(6) cap. The question here is whether the existence of the judgment alters that result.

## I.

A claim is a "right to payment, whether or not such right is reduced to judgment[.]" 11 U.S.C. § 101(5)(A). When a claim objection is filed, § 502(b) instructs the court to do a two-step analysis: first, (1) determine the amount of the claim; and then, (2) allow the claim—including a claim reduced to judgment—as provided for in that section. 11 U.S.C. § 502(b). *See also Kohn v. Leavitt–Berner Tanning Corp.*, 157 B.R. 523, 527 (N.D.N.Y.1993) (discussing this two-step analysis).

In this case, the amount of the claim is determined by the state court judgment under the Full Faith and Credit statute and preclusion principles. The Full Faith and Credit statute, 28 U.S.C. § 1738, " 'requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged' ". *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)). The statute implements the long-standing rule "that parties should not be permitted to relitigate issues that have been resolved by courts of competent jurisdiction[.]" *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005).

To qualify for full faith and credit, the judgment must be a valid, final judgment

on the merits by a court of competent jurisdiction. *Alabama v. Engler*, 85 F.3d 1205, 1209 (6th Cir.1996). The parties agree that the Texas judgment meets this standard. As a result, the judgment is entitled to the same preclusive effect in federal court that it would receive under Texas law.

■ The preclusion doctrine has two main components: res judicata (claim preclusion) and collateral estoppel (issue preclusion). The principle of collateral estoppel applies in bankruptcy cases. *See Grogan v. Garner*, 498 U.S. 279, 285, n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The court must, therefore, decide what preclusive effect a Texas state court would give to the judgment under that doctrine. Texas law provides that collateral estoppel "applies when an issue decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in the pending action." *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex.2001). The Texas judgment in this case held that ProCare was liable to Voltz under the real estate lease in the amount of $671,969.96 plus fees, costs, and interest. A Texas court would find that the debtor's liability to Voltz under the lease has been determined, together with the total amount of the debt.[5] Those findings are entitled to preclusive effect in this court.

■ That is, however, the extent to which the judgment is entitled to preclusive effect. With liability and the amount

of the debt established by state law, the second issue—the amount of the claim that should be allowed in the bankruptcy case—is decided under federal bankruptcy law. Voltz argues that the doctrine of res judicata bars this result. It does not.

Res judicata (claim preclusion) "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Bankruptcy courts have exclusive jurisdiction over the claims allowance process. *See Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 404 (4th Cir.1992) ("[T]he existence of a claim is controlled by state law, [but] the allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers.").[6] The issue of the § 502(b)(6) cap was not available to the parties in the state court litigation because the Texas state court did not have jurisdiction over the claims allowance process. Res judicata does not apply under these circumstances.[7]

■ The bankruptcy code clearly provides that a claim for damages based on termination of a real estate lease is limited by the § 502(b)(6) cap. As a result, the Voltz claim as determined under state law may only be allowed in this bankruptcy case in the amount set by Congress. *See Cutler v. Lindsey (In re Lindsey)*, 1997

---

5. The judgment does not break out the amount attributable to future rents.

6. The court notes that in this case it is not exercising its equitable powers in allowing the claim. It is, instead, applying the statute in which *Congress* determined that it is equitable for a lessor's rent termination claim to be subject to a cap.

7. Voltz's case is not helped by the case it cites, *Westport Taxi Serv., Inc. v. Westport Transit Dist. (In re Westport Transit Dist.)*, 141 B.R. 543 (Bankr.D.Conn.1992). The issue there was whether the court should lift the automatic stay to permit a state court appeal to go forward. The court did not analyze § 502(b)(6) or the doctrines at issue in this case.

WL 705435 at *4–5 (4th Cir.1997); *see also Kohn*, 157 B.R. at 526–27 (N.D.N.Y.1993); *In re Tittle*, 346 B.R. 684, 689 (Bankr. E.D.Va.2006); *Fifth Avenue Jewelers, Inc. v. Great East Mall, Inc. (In re Fifth Avenue Jewelers, Inc.)*, 203 B.R. 372, 382 (Bankr.W.D.Pa.1996); *In re Fulton*, 148 B.R. 838, 843–44 (Bankr.S.D.Tex.1992); *In re Thompson*, 116 B.R. 610, 612–13 (Bankr.S.D.Ohio 1990); *Weeks v. Kinslow (In re Weeks)*, 28 B.R. 958 (Bankr. W.D.Okla.1983) (discussing former 11 U.S.C. § 502(b)(7) the statutory predecessor of current § 502(b)(6)); *In re Bus Stop, Inc.*, 3 B.R. 26, 27 (Bankr.Fla.1980) (discussing former 11 U.S.C. § 502(b)(7)).

## II.

Voltz argues that this result runs afoul of the *Rooker–Feldman* doctrine, named after the cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In particular, Voltz contends "the Debtor asks this Court in so many words to vacate the valid and final judgment of the Texas state court against the debtor. This is precisely what Rooker–Feldman is intended to preclude—the 'entertain[ing] of [a] proceeding to reverse or modify [a state court] judgment for errors ... [and the] exercis[ing] of appellate jurisdiction' over a state court by a Federal district court." [8]

The United States Supreme Court recently observed about *Rooker–Feldman* that:

Variously interpreted in the lower courts, the doctrine has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and

superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The *Exxon* court went on to hold that:

"[t]he *Rooker–Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting [federal] court review and rejection of those judgments. *Rooker–Feldman* does not otherwise override or supplant preclusion doctrine ...."

*Id.* at 284, 125 S.Ct. 1517.

■ This is not a case brought by a state court loser seeking to overturn a state court judgment. The state court judgment stands as to liability and amount as discussed above. This proceeding is instead the debtor's objection to a claim, and in particular, to the amount at which the claim should be eligible to participate in any distribution from the debtor's estate. The *Rooker–Feldman* doctrine does not apply to this situation.

## III.

The remaining issue is the actual calculation of the § 502(b)(6) reduction. In their briefs, the parties contend that different numbers apply to this analysis. This factual debate will need to be resolved through an evidentiary hearing. *See In re Highland Superstores, Inc.*, 154 F.3d 573 (discussing the appropriate method for calculating damages under § 502(b)(6)). The court will hold a status

---

8. Docket 589 at 6. (Alterations in the original).

conference on **February 14, 2007** at 8:30 a.m. to address this issue.

IT IS SO ORDERED.